Judge Ewing
delivered the Opinion of the Court.
An execution issued against Harmon R. Otter and others, and was levied on a tract of land, the deed for which was given up by Otter, for the purpose. The deed contained certain metes and bounds, and the quantity was stated at two hundred and thirty five acres. The valuers, under the statute, disagreeing, the sheriff fixed the value of the tract, at two dollars per acre. The land was sold, and Thomas Pollard became the purchaser, at the price of three hundred and twenty five dollars. It having been afterwards ascertained that the tract contained' two hundred and fifty seven acres, Otter, within the year, tendered to Pollard his purchase money, and ten per cent, thereon, as required by the statute and demanded a reconveyance of the land, upon the ground that it had not sold for two thirds of its value, and he had a right to redeem. Pollard refused to receive the money, and it was paid by Otter into the clerk’s office, and the steps taken that are prescribed by the statute. Otter afterwards sold the land and his right of redemption to Lucas; who filed his bill setting up the 'foregoing facts, which was answered by Pollard, and after his death by his heirs, (against whom* *455 the suit had been revived,) controverting his right to redeem.
The omission in the decree for a reconveyance, of any order for the disposition of the money in the clerk’s hands, is not material; the purchaser might have taken, and may still take, it at any time.
The Circuit Court sustained the bill, and decreed a conveyance, without making any order as to the money which had been paid into the clerk’s office, and from this decree, the defendants have appealed to this Court.
By estimating the value at two dollars per acre for the quantity called for in the deed, the amount bid will exceed two thirds of the value. By making the estimate upon the whole quantity embraced in the bounds of the deed, the sum bid will fall short of two thirds. And the only question is how shall the estimate be made.
We are clearly of opinion that, under the circumstances of this case, the value should be ascertained by an estimate upon the whole quantity.
The whole tract was levied on and about to be sold, and was sold and conveyed to the purchaser. The whole tract passed by the sale, embracing each and every acre contained within the boundaries of the deed. The value fixed was by the acre, and not in gross, and must have looked to, and been regulated by, the quantity embraced in the deed, and not by the estimated quantity called for. The actual aggregate value must be increased or diminished by the actual quantity embraced.
If a sale had been made of the tract at two dollars per acre, it could not be doubted that two dollars per acre for the actual quantity embraced in the boundaries of the deed, would be the consideration to be paid. Nor can we believe that when the same rate is fixed by the officer, that the estimate should be made in a different manner.
There is nothing in the case that would justify the conclusion, that the officer would have fixed a less value than two dollars per acre, had he known that the tract contained a surplus; or that the surplus is less valuable than the residue; or that the value per acre is diminished by embracing the surplus. And if it is not, then a case has occurred under the construction contended for, in which land has been sold at less than two *456 thirds of its value, and the debtor not allowed to redeem, though the right of redemption is expressly guaranteed to him by the statute. We cannot come to such a conclusion.
Nor can we believe that there is error in the decree, in failing to make any order with respect to the money which has been deposited with the clerk. It has been put into his hands for the use of the purchaser, and he has a right at any time, without any order of the Court, to take it out.
Decree affirmed, with costs.